CHASE MANHATTAN BANK, Plaintiff,

v.

UNITED CHINA SYNDICATE, LTD. and United China Syndicate (Hong Kong) Ltd., Defendants.

United States District Court
S. D. New York.
Jan. 27, 1960.

Milbank, Tweed, Hope & Hadley, New York City, for plaintiff, Andrew J. Connick, New York City, of counsel.

Smith & Reiher, Brooklyn, N. Y., for defendant, United China Syndicate (Hong Kong) Ltd., Robert L. Callahan, Brooklyn, N. Y., of counsel.

DAWSON, District Judge.

This is a motion pursuant to Rule 55 (b) (2) of the Federal Rules of Civil Procedure, 28 U.S.C.A., for an order granting judgment by default in favor of defendant United China Syndicate (Hong Kong) Ltd., adjudging said defendant to be the owner of the securities and cash which are the subject of this action and which are held in custody by the plaintiff. The action involves adverse claims to the ownership of two custody accounts held by the plaintiff Chase Manhattan Bank. The claimants are United China Syndicate Ltd., of Shanghai, and United China Syndicate Ltd., of Hong Kong. Since adverse claims were filed, the bank brought this interpleader action on June 4, 1950. A motion for a stay of proceedings in the action was denied by Judge Kaufman on October 14, 1959.

The motion for a default judgment is based upon the certificate of the Clerk of this Court that the defendant United China Syndicate Ltd., of Shanghai, is in default for failure to file an answer herein.

While no answer has been filed, the papers submitted show that defendant United China Syndicate Ltd., of Shanghai, has filed with the Clerk of the Court two letters, dated respectively January 17, 1959 and December 31, 1959, alleging certain facts and contending that it is the proper owner of the accounts in the custody of the bank. These letters are not technical pleadings but they certainly evidence the position taken by this defendant in the proceedings and raise issues of fact. In view of the liberality of federal pleading the Court might even consider them to be in the nature of answers, improper though they may be in form. The Court would hesitate to grant judgment by default in view of the allegations in those letters.

There is, however, a more potent reason for denying the motion. It appears, without contradiction, that these accounts have been blocked since December 17, 1950, pursuant to the Foreign Assets Control Regulations of the United States Treasury Department in accordance with the provisions of the Trading with the Enemy Act, Tit. 50 U.S.C.A. Appendix, § 5. Included with the papers submitted upon the motion is a letter from the Acting Director of the Foreign Assets Control Division of the Treasury Department in which he states that "the documents in the case tend to indicate that United China Syndicate Ltd., of Shanghai, is the beneficial owner of the accounts." If this is so it might of course be improper to put the assets in the hands of this corporation or to grant a default judgment for the Hong Kong corporation. Furthermore, the Acting Director of the Foreign Assets Control Division of the Treasury Department said in his letter that "a Treasury License is required not only for the payment of funds or the delivery of securities from a blocked account, but also that a license is required before any judicial process can affect any property in a blocked account." This statement of the Acting Director is correct. Title 31 of the Code of Federal Regulations, § 500.504, provides that

"Judicial proceedings are authorized with respect to property in which on or since the 'effective date' there has existed the interest of a designated national."

But the Regulations provide that that section does not authorize or license

"The entry of any judgment or of any decree or order of similar or analogous effect upon any judgment book, minute book, journal or otherwise, or the docketing of any judgment in any docket book, or the filing of any judgment roll or the taking of any other similar or analogous action."

Such regulations seem to be authorized by the provisions of the Trading with

**850**

the Enemy Act. Under the circumstances this Court may not direct the entry of any judgment at the present time in the absence of a license permitting such entry of judgment.

The motion for a default judgment is denied. So ordered.